IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | **COMPLAINT** |
| COURTESY BUILDING SERVICES, INC. | ) ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide relief to Melissa Gaona. The Commission alleges that Defendant, Courtesy Building Services, Inc. (hereafter "Defendant"), violated Title VII by subjecting Melissa Gaona to a hostile work environment based upon her sex, Female.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C §2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the

COMPLAINT

jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3.  Plaintiff, Equal Employment Opportunity Commission ( "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant has continuously been and is now doing business in the state of Texas and the city of Dallas, and has continuously had at least fifteen employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Melissa Gaona filed a charge with the Commission alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least November 2005, the Defendant has engaged in unlawful employment practices at its Dallas location in Texas, in violation of Section 703(a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Melissa Gaona to a sexually hostile

environment, including unwelcome comments and touchings based on sex. The conduct included but was not limited to comments about Gaona's and other females' breasts, comments about visits by male employees to nearby strip bars and comments about Gaona's personal sex life. In addition, Gaona, and at least one other employee, was pressured as part of her job and during work hours, to agree to marry a non-citizen, who was a friend of management, for the purpose of furthering attainment of citizenship for the non-citizen.

8.  The result of the foregoing practices has been to deprive Melissa Gaona of equal employment opportunities because of her sex.

9.  The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Melissa Gaona.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all person in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, or which facilitates, condones or encourages employees to create a hostile environment based upon sex.

B.  Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Melissa Gaona and eradicate the effects of its past and present unlawful unemployment practices.

C. Order the Defendant to make whole Melissa Gaona by providing appropriate pecuniary damages, including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices.

D. Order the Defendant to make whole Melissa Gaona by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

E. Order the Defendant to pay Melissa Gaona punitive damages for its malicious conduct or reckless indifference to their federally protected rights as described in paragraphs 7 and 10 above, in an amount to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel


JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG. REAMS
Associate General Counsel

　s/Robert A. Canino＿＿＿＿＿＿＿＿
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

　s/Toby W. Costas＿＿＿＿＿＿
TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (214) 253-2760
(FAX) (214)  253-2749

Case 3:10-cv-01911-D   Document 1   Filed 09/23/10   Page 6 of 6   PageID 6