IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:10-cv-01911-D |
| COURTESY BUILDING SERVICES, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

## PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND INCORPORATED BRIEF

The Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC") respectfully moves to strike nine of Defendant's affirmative defenses under Fed. R. Civ. P. 12(f). These defenses, as stated, fail to put the EEOC on notice of any facts supporting Defendant's defenses, and many are immaterial to the matter in controversy under Federal Rule12(f). In support of this Motion, the EEOC states as follows.

The EEOC filed its Complaint ("Complaint") on September 23, 2010. The Complaint alleges that the Charging Party, Melissa Gaona, was subjected by the Defendant, Courtesy Building Services, Inc. ("Defendant"), to a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended. The EEOC alleges that Ms. Gaona was subjected to unwelcome comments and touchings, and was pressured to enter into a sham marriage by her employer, the Defendant. Defendant, on November 3, 2010, filed its Answer to the Complaint. The EEOC moves this Court to strike the following of the Defendant's affirmative defenses as stated in Defendant's Answer:

18. Plaintiff fails to state a claim upon which relief can be granted.

19. Defendant is not an employer as defined by Title VII.

20. Defendant is not liable to Plaintiff in the capacity in which it is being sued.

21. Plaintiff/Melissa Gaona have filed to mitigate, or reasonably attempt to mitigate, their damages, if any, and Defendant is entitled to an offset in the amount Plaintiff/Melissa Gaona could have earned after her employment with Defendant ended. In addition Plaintiff/Melissa Gaona's damages and losses, if any, should be reduced by any and all interim earnings, including unemployment compensation, if any.

22. To the extent Plaintiff/Melissa Gaona seek remedies beyond those available under the statute upon which the claims are barred, such remedies are improper.

23. Plaintiff/Melissa Gaona's claims are barred, in whole or in part, by the doctrines of waiver, release, estoppel and unclean hands.

24. Plaintiff/Melissa Gaona voluntarily resigned her employment and cannot meet the standard of constructive discharge.

29. Plaintiff/Melissa Gaona's claim for front pay is too speculative to be permitted.

32. Plaintiff/Melissa Gaona's claims are barred, in whole or in part, to the extent Plaintiff/Melissa Gaona failed to exhaust their administrative remedies.

Defendant's Original Answer to Plaintiff's Complaint. (Docket Entry 3).

Under Federal Rule 12(f), a Court may, on its own motion or on motion by a party, strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'Immateriality is established by showing the challenged allegations 'can have no possible bearing upon the subject matter of the litigation (*citations omitted*).'" *Bittakis v. City of El Paso,* 2006 WL 897681 at *2 (W.D.Tex. Mar. 31, 2006). A court may strike any portion of a pleading as irrelevant where: (1) there is no possible relation between the challenged portion of the pleading and the underlying controversy; or (2) the challenged portion may prejudice the moving party. *See OKC Corporation v. Williams*, 461 F.Supp. 540, 550

(N.D.Tex.1978), cited in *Microsoft Corp. v. Worth,* 2007 WL 1975574 at *2 (N.D. Tex. July 5, 2007).  An answer is a pleading under the Federal Rules.  Fed. R. Civ. P. 7(a).

The Supreme Court has ruled that a party cannot rely on mere conclusions but must allege at least some facts in asserting claims.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etailed factual allegations" are not required, *Twombly*, *supra,* at 555. The facts alleged must simply be sufficient to show that a claim "'is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570).  Determining whether a claim is "plausible" will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*  The obligation to provide the grounds for entitlement to relief requires "more than labels and conclusions,…" *Twombly* at 1964-1965.

District courts in this jurisdiction have held defendants to this standard when assessing motions to strike defenses.  *Willins et al. v. Credit Solutions of America, Inc.,* 2010 WL 623899 at*1 (N.D. Tex. Feb. 23, 2010);   *Teirstein v. AGA Medical Corp.,* 2009 WL 704138 (E.D. Tex. Mar. 16, 2009); *Desperado Motor Racing & Motorcycles v. Robinson,*  2010 WL 2757523 (S.D. Tex. July 13,  2010).  In fact, a majority of district courts presented with this issue have applied the tenets of these recent Supreme Court rulings to defenses.  *Francisco v. Verizon South, Inc*., 2010 WL 2990159 at *6 (E.D. Va. July 29, 2010) and *Hayne v. Green Ford sales, Inc*., 263 F.R.D. 647, 649-650 (D. Kansas 2009) (both noting majority of district courts have applied the Supreme Court standard, with cites); *Racick v. Dominion* Law Associates, 2010 WL 3928702 at*4 (E.D.N.C. Oct. 6, 2010). (also noting that every district court in the Fourth Circuit has applied the standard to defenses).

The few courts that have not extended the standard to affirmative defenses have found that *Twombly* and *Iqbal* addressed only Rule 8(a), (claims for relief) vs. Rules 8(b) (defenses) and 8(c) affirmative defenses. *Francisco, supra.* However, the Fifth Circuit has specifically found that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint"…[A] defendant…must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "[T]the pleading of an affirmative defense does not require 'detailed factual allegations,' but it does demand more than a boilerplate assertion devoid of factual support. [*citing Iqbal, 129 S.Ct. at 1949*]. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do [*quoting Twombly at 550 U.S. at 555*]." *Willins, supra.* A plaintiff, when faced with affirmative defenses, is entitled to receive enough specific facts to give the plaintiff "'fair notice'" of the defense. *Willens, supra,* citing *Woodfield,* 193 F. 3d at 362. *See also, Teirstein v. AGA Medical Corp, supra, and Desperado Motor Racing & Motorcycle, supra.*

The *Twombly* logic holds true for pleading affirmative defenses. Without alleging facts, a plaintiff cannot prepare adequately to respond to those defenses. Defendants must "provide more than "bare-bones conclusions." A plaintiff "should not be left to discover the bare minimum facts constituting a defense until discovery, since "'the purpose of discovery is to find out additional facts about a well-pleaded claim, *not to find out whether such a claim exists*.'" *Holtzman v. B/E Aerospace, Inc.* 2008 WL 2225668 at *2 (S.D.Fla. May 29, 2008), citing *Stoner v. Walsh*, 772 F.Supp. 790, 800 (S.D.N.Y.1991). (emphasis added). Similarly, Judge Justice, applying *Twombly* in conjunction with *Woodfield,* ruled that a plaintiff is entitled to "factual particularity" in an Answer to avoid "unfair surprise:"

{A}ffirmative defenses are "subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir.1999). A defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id.* A plaintiff has "fair notice" when the defendant "sufficiently articulate[s] the defense so that the plaintiff [is] not a victim of unfair surprise." *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir.1993). In *Bell Atl. Corp. v. Twombly,* the Supreme Court recently clarified the pleading specificity standard, stating that a pleading "does not need detailed factual allegations," but does need to provide the grounds for entitlement to relief and requires "more than labels and conclusions." (*citations omitted*)*;*

*Stoffels et al. v. SBC Communications, Inc. and the SBC Telephone Concession Plan,* 2008 WL 4391396 (W.D. Tex. Sep. 22, 2008).

Based on the application of *Iqbal-Twombly* standards, local precedent, and Federal Rules 8 and 12(f), the EEOC addresses and seeks to have stricken the following affirmative defenses which are devoid of factual content and/or immaterial to the matter in controversy.

"**Plaintiff/Melissa Gaona claims are barred, in whole or in part, by the doctrines of waiver, release, estoppels (sic), and unclean hands." (#23)**

This laundry-list approach to alleging common law affirmative defenses should not suffice. These are the type of "threadbare recitals" not entitled to an assumption of truth. *Iqbal,* 129 S.Ct. at 1949. This jurisdiction has addressed a similar affirmative defense list and found it lacking. In *Software Publishers Ass'n v. Scott & Scott, LLP* 2007 WL 2325585 (N.D.Tex.) Aug.15, 2007), the affirmative defenses of waiver, estoppel, ratification, laches, and unclean hands were stricken from the answer. "[T]he defendants' bald assertions that the plaintiff's claims are barred, in whole or in part, 'by the doctrines of waiver, estoppel, and ratification,' 'by the doctrine of laches,' and due to the plaintiff's 'unclean hands' do not provide [plaintiff] with 'fair notice' of the defenses being advanced…(citing *Reis Robotics USA, Inc. v. Concept Industries, Inc*., 462 F.Supp.2d 897, 907 (N.D .Ill. 2006) ('Laches, waiver, estoppel, and unclean hands are equitable defenses that must be pled with the specific elements required to establish the defense.')." *Software Publishers Ass'n* at *2. Moreover, the defense of "unclean hands" is available only

where the plaintiff's misconduct is "directly related to the merits of the controversy between the parties." *Mitchell Brothers Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir.1979), *cert. denied,* 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980), cited in *Microsoft Corp. v. Worth*, 2007 WL 1975574 at *1 -2 (N.D.Tex. July 5, 2007).  It cannot be discerned, either from the defendant's pleading or common sense, how the "unclean hands" defense, in relation to the conduct of the Plaintiff EEOC, can be viewed as "directly related to the merits". Similarly, all of the common law defenses listed by Defendant are " immaterial" under Federal Rule 12(f).   These "bald" assertions, like the affirmative defenses stricken in *Willins, supra,* "contain no factual allegations at all, nor is it possible to understand the genesis of these defenses…"  The EEOC moves to strike Affirmative Defense #23.

**" Plaintiff/Melissa Gaona's claims are barred, in whole or in part, to the extent Plaintiff/Melissa Gaona failed to exhaust their administrative remedies." (#32)**

    Exhaustion of administrative remedies is a condition precedent to the filing of a lawsuit under Title VII.  This affirmative defense asserts by implication that all conditions precedent to the filing of this lawsuit have not been fulfilled.  "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. *But when denying that a condition precedent has occurred or been performed, a party must do so with particularity."*  Federal Rule 9(c ) (emphasis added).  Defendant has failed to deny "with particularity" in what way the EEOC has failed to exhaust its administrative remedies.   No factual basis is supplied by Defendant to show that this broad defense is "plausible on its face." Deposition testimony and written discovery will be necessary simply to determine what Defendant intends to prove with regard to this veiled affirmative defense.  Defendant's Affirmative Defense #32 should be stricken.

**"Plaintiff fails to state a claim upon which relief can be granted." (#18)**

The defense of failure to state a claim should meet the notice-pleading requirements of Rule 8(a).  *See LaSalle Bank Natl'l Ass'n v. Paramont Props.*, 588 F.Supp. 2d 840, 860-861 (N.D. Ill. 2008).  Defendant cites no facts in support of Affirmative Defense #18.  The defense is devoid of particularity and the EEOC requests that it be stricken.

**"Defendant is not an employer as defined by Title VII."  (#19)**

Defendant fails to provide the EEOC with notice of any supportive facts. Given the overreaching nature of Defendant's list of defenses, the EEOC will be compelled to conduct, at a minimum, a 30(b)(6) deposition plus secure voluminous documents in an attempt to determine if there is any factual basis for this assertion.  The EEOC is entitled to notice rather than being forced to conduct, potentially,  a "fishing expedition" to determine if this claimed defense was simply summarily thrown in, as others appear to have been, or if  there is any basis in fact to support it. The EEOC requests that this defense be stricken.

### Remaining Immaterial Defenses

The affirmative defenses that are discussed below are immaterial to this lawsuit under Federal Rule 12(f), and therefore should be stricken. In addition they are neither plausible nor alleged with sufficiency particularity to provide the EEOC with fair notice in order to respond.

**"Plaintiff/Melissa Gaona voluntarily resigned her employment and cannot meet the standard of constructive discharge." (#24)**

The EEOC is not alleging that Ms. Gaona was constructively discharged.  In fact, the EEOC has not included any claim regarding Ms. Gaona's separation from employment with Defendant. Thus, the reason for inclusion of this affirmative defense remains elusive  As such, this defense is immaterial and should be stricken.

**"Plaintiff/Melissa Gaona's claim for front pay is too speculative to be permitted" (#29).**

The EEOC is not seeking front pay on behalf of Ms. Gaona. This defense is unrelated to the EEOC's Complaint. The EEOC moves that this defense be stricken.

**"Plaintiff/Melissa Gaona have failed to mitigate, or reasonably attempt to mitigate, their damages, if any, and Defendant is entitled to an offset in the amount Plaintiff/Melissa Gaona could have earned after her employment with Defendant ended. In addition Plaintiff/Melissa Gaona's damages and losses, if any, should be reduced by any and all interim earnings, including unemployment compensation, if any." (#21)**

The EEOC is not seeking back pay damages in this case. There are no facts presented to support a claim that interim earnings should reduce any other type of relief. As such, the EEOC requests that this defense be stricken.

**"To the extent Plaintiff/Melissa Gaona seek remedies beyond those available under the statute upon which the claims are barred, such remedies are improper" (#22)**

The EEOC is not seeking remedies beyond those available under Title VII and the Civil Rights Act of 1991. This opaque defense as stated fails to put the EEOC on notice of what remedies, if any, Defendant is alleging bars or may bar the EEOC's claims. The EEOC requests that Affirmative Defense #22 be stricken.

"**Defendant is not liable to Plaintiff in the capacity in which it is being sued." (#20)**

This vague affirmative defense does not meet even pre-*Iqbal* and *Twombly* pleading standards of notice pleading and should be stricken.

WHEREFORE, the EEOC respectfully requests that this Court strike Defendant's affirmative defenses as described above for failure to meet basic requirements of materiality and notice. These defenses are not plausible, not described with any particularity, and many are immaterial to the single claim in this federal civil rights case.

Respectfully submitted,

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

s/ Toby W. Costas
Toby W. Costas
Supervisory Trial Attorney
Texas State Bar No.  04855720

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Phone:  (214) 253-2760
Fax:  (214) 253-2749

**ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION**

I certify that on November 23, 2010, I electronically transmitted Plaintiff's Motion to Strike Affirmative Defenses using the ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record for Defendant.

_____s/Toby W. Costas_____
Toby W. Costas