IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § § |
| VS. | § Civil Action No. 3:10-CV-1911-D § |
| COURTESY BUILDING SERVICES, INC., | § § § § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Plaintiff Equal Employment Opportunity Commission ("EEOC") moves under Fed. R. Civ. P. 12(f) to strike certain defenses and affirmative defenses of defendant Courtesy Building Services, Inc. ("Courtesy"). For the reasons that follow, the court grants the motion in part and denies it in part, and it grants Courtesy leave to replead.

I

The EEOC brought this action on behalf of complainant Melissa Gaona ("Gaona"), alleging that Courtesy subjected her to a sexually hostile work environment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. In its answer, Courtesy pleads several defenses and affirmative defenses. The EEOC moves to strike these nine: (1) the EEOC has failed to state a claim on which relief can be granted; (2) Courtesy is not an employer as defined by Title VII; (3) Courtesy is not liable to the EEOC in the capacity in which it is being sued; (4) the

EEOC/Gaona have failed to mitigate, or reasonably attempt to mitigate, their damages, if any, and Courtesy is entitled to an offset in the amount that the EEOC/Gaona could have earned after Gaona's employment with Courtesy ended, and the EEOC/Gaona's damages and losses, if any, should be reduced by any and all interim earnings, including any unemployment compensation; (5) to the extent the EEOC/Gaona seek remedies beyond those available under the statute on which the claims are based, such remedies are improper; (6) the EEOC/Gaona's claims are barred, in whole or in part, by the doctrines of waiver, release, estoppel, and unclean hands; (7) Gaona voluntarily resigned her employment and cannot meet the standard of constructive discharge; (8) the EEOC/Gaona's claim for front pay is too speculative to be permitted; and (9) the EEOC/Gaona's claims are barred, in whole or in part, to the extent the EEOC/Gaona failed to exhaust their administrative remedies. The EEOC maintains that defenses (1), (2), (3), (5), (6), and (9)[1] lack sufficient particularity to show relevance or truth of fact. It posits that defenses (4), (7), and (8) are immaterial because they relate to damages and arguments that are not being presented in this lawsuit. Courtesy has not responded to the EEOC's motion.[2]

---

[1]For clarity, the court refers to the defenses by the numbers it has editorially supplied. The actual numbers are 18, 19, 20, 21, 22, 23, 24, 29, and 32.

[2]The EEOC filed its motion on November 23, 2010. When Courtesy did not respond, the EEOC filed a renewed motion on December 16, 2010. The renewed motion is essentially nothing more

II

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). In striking a defense as insufficient, the defense must be insufficient as a matter of law. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law."). Additionally, there must be enough factual particularity in the affirmative defense to give the plaintiff "fair notice." *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

Striking a part of the pleadings as immaterial or impertinent is disfavored as well. "A court should not strike any portion of a pleading as irrelevant unless (1) there is no possible relation between the challenged portion of the pleading and the underlying controversy; or (2) the challenged portion may prejudice the moving

---

than a request that the court rule on the earlier-filed motion. It is therefore stricken as duplicative.

The EEOC urges the court to treat its motion as unopposed and to interpret Courtesy's failure to respond as a representation that Courtesy does not oppose the relief sought. But the EEOC concedes that there is no local rule that dictates this result. And given the harshness of the remedy, the court declines to grant the EEOC's motion based on the absence of a response alone. *Cf. In re United Mkts. Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994) (noting that striking defendant's answer is equally as harsh a sanction as dismissal of plaintiff's case with prejudice, and applying abuse of discretion standard to review district court's decision).

party." *Microsoft Corp. v. Worth*, 2007 WL 1975574, at *2 (N.D. Tex. July 5, 2007) (Fish, C.J.); *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Cir. 1962) (internal quotation marks and citations omitted) ("Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied.").

III

The EEOC maintains that an affirmative defense must meet the "plausibility" standard that the Supreme Court set out for claims in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (explaining that claims must offer more than naked assertions devoid of further factual enhancement, and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (requiring more than "labels and conclusions" or "a formulaic recitation of the elements" in the complaint). As support, the EEOC notes that many district courts in other jurisdictions have held affirmative defenses to the *Twombly* and *Iqbal* standard, *see, e.g.*, *Francisco v. Verizon South, Inc.*, 2010 WL 2990159, at *6 (E.D. Va. July 29, 2010) (listing district court cases that apply and do not apply *Twombly* and *Iqbal* to affirmative defenses, and noting that, while no appellate court had addressed the issue, a majority of district

courts apply *Twombly* and *Iqbal* to affirmative defenses), and cites *Woodfield*. *Woodfield* concluded in 1999, before *Twombly*, that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield*, 193 F.3d at 362; *see also Willins v. Credit Solutions of Am., Inc.,* 2010 WL 624899, at *1 (N.D. Tex. Feb. 23, 2010) (Lynn, J.) (interpreting *Woodfield* to require extension of *Twombly* and *Iqbal* claim-pleading standard to affirmative defenses, but also acknowledging *Woodfield*'s "fair notice" standard).

Because Courtesy has not responded to the EEOC's motion and the court lacks the benefit of briefing from both sides that joins issue on this question, the court will not decide today whether the *Twombly* and *Iqbal* pleading standard applies to affirmative defenses. To decide the EEOC's present motion, it is sufficient to note that the Fifth Circuit decided *Woodfield* prior to when *Twombly* and *Iqbal* were decided, and it applied to affirmative defenses the "fair notice" pleading standard then in effect, i.e., the standard found in *Conley v. Gibson*, 355 U.S. 41 (1957), and its progeny. *See Woodfield*, 193 F.3d at 362 (acknowledging that, in some cases, merely pleading the name of the affirmative defense may be sufficient, with the crux of the inquiry being whether the affirmative defense alleges the minimum particulars needed so that

plaintiff is not victim of unfair surprise).[3] Although *Woodfield* noted at the time that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint," it is unclear whether this observation still holds true under the plausibility standard of *Twombly* and *Iqbal*. In pertinent part, *Twombly* and *Iqbal* grounded their reasoning on Rule 8(a), which requires "a short and plain statement of the *claim showing that the pleader is entitled to relief*." *Id.* (emphasis added). This is not the requirement of Rule 8(b), which only obligates the pleader to "state in short and plain terms its defenses to each claim asserted against it," or Rule 8(c), which only dictates that a party "affirmatively state any avoidance or affirmative defense." Given that the requirement in Rule 8(a) to show entitlement to relief is essential to the holdings of *Iqbal* and *Twombly*, *see Twombly*, 550 U.S. at 557; *Iqbal*, 129 S.Ct. at 1949-50, and considering that this requirement does not appear in Rule 8(b) and (c), the court

---

[3]*Woodfield* differs from this case in that the panel was evaluating the affirmative defense pleadings, not to determine whether to strike the pleadings under Rule 12(f), but to decide post hoc whether certain affirmative defenses argued after trial were sufficiently raised at the pleading stage to permit the later arguments. Nevertheless, because the *Woodfield* panel justified its conclusion as grounded on its interpretation of Rule 8(b)'s notice-pleading requirements, this court will apply *Woodfield* in evaluating this Rule 12(f) motion, as have several members of this court. *See, e.g.*, *Mumphrey v. Credit Solutions*, 2010 WL 652834, at *1 (N.D. Tex. Feb. 24, 2010) (Lynn, J.); *TracFone Wireless, Inc. v. King Trading, Inc.*, 2008 WL 4826035, at *1 (N.D. Tex. Nov. 6, 2008) (Boyle, J.); *Software Publrs. Ass'n v. Scott & Scott, LLP*, 2007 WL 2325585, at *2 (N.D. Tex. Aug. 15, 2007) (Fish, C.J.).

declines in today's case, and in the absence of complete briefing and guidance from the Fifth Circuit or the Supreme Court,[4] to extend the *Iqbal* and *Twombly* plausibility standard to the pleading of affirmative defenses.[5] The court therefore applies the affirmative defense standard from *Woodfield* to the instant case: Courtesy must allege sufficient facts to give the EEOC fair notice of the nature of the affirmative defense and prevent unfair surprise. Similarly, under Rule 8(b), Courtesy need only "state in short and plain terms its defenses." If Courtesy's defenses and affirmative defenses are sufficient as a matter of law, the court will consider striking a defense or affirmative defense only to the extent the defense is redundant, immaterial, impertinent, or

---

[4]In *Lebouef v. Island Operating Co.*, 342 Fed. Appx. 983, 985 (5th Cir. 2009), the panel stated this in passing: "True, '[t]he pleading of affirmative defenses is governed by the same liberal standards as those for a complaint.'" The statement quoted verbatim a pre-*Twombly* opinion as support, however, and was essentially *dicta* found in the part of the opinion that addressed whether an unelaborated statement of "failure to state a claim" could preserve a previously unraised statute of limitations affirmative defense at the summary judgment stage. *Lebouef* is not binding because it is unpublished, and the statement is *dicta*.

[5]Contrary to the EEOC's assertions, *Twombly*'s logic does not necessarily hold true for pleading affirmative defenses. The party asserting a claim (normally, the plaintiff) has the burden of pleading a plausible claim for relief under Rule 8(a) and of proving the claim at trial. The party opposing the claim (typically the defendant) does not. Thus, as the Fifth Circuit noted in *Woodfield*, the party asserting the defense need only provide enough factual particularity to give notice and avoid unfair surprise. Contrary to what the EEOC appears to assert by citing *Holtzman v. B/E Aerospace, Inc.*, 2008 WL 2225668 at *2 (S.D. Fla. May 29, 2008), it is not the defendant's burden to show that a plaintiff's claim does not exist.

scandalous.

IV

The EEOC moves to strike nine defenses and affirmative defenses[6] from Courtesy's answer on grounds of insufficient pleading and immateriality.

A

The EEOC moves to strike defense (1), in which Courtesy alleges that the EEOC has failed to state a claim on which relief can be granted, contending that it does not satisfy Rule 8(a). The court agrees, concluding that the defense as pleaded does not comply with *Woodfield* in that it does not state the basis for this defense.

The defense of "failure to state a claim" is so broad that it is unclear merely from an assertion of the name of the defense what the nature of the defense may be. *See Lebouef v. Island Operating Co.*, 342 Fed. Appx. 983, 985 (5th Cir. 2009) ("[G]iven that there are nineteen affirmative defenses listed in rule 8(c), as well as other deficiencies that can cause failure to state a claim, the defendant must provide at least some information that alerts the plaintiff to what the alleged problem is [at the pleadings stage]."). The court therefore grants the EEOC's motion as to this defense.

---

[6]Some defenses are pleaded so vaguely that the court cannot determine whether they ought to be classified as defenses or affirmative defenses.

B

Similarly, the EEOC argues that defense (3), which asserts that Courtesy is not liable in the capacity in which it was sued, does not even meet the notice-pleading standard that predates *Iqbal* and *Twombly*. The court agrees. This assertion does not fairly notify the EEOC of the basis for this defense, and the court grants the EEOC's motion to strike this defense.

C

The EEOC challenges affirmative defense (2), which alleges that Courtesy is not an employer under Title VII, contending that the defense provides no notice of its factual basis. The EEOC complains that, without such facts, it may be required to go on a "fishing expedition" to determine if the claimed defense has any merit. P. Mot. 7.

Rule 8(b)(1)(A) requires, in relevant part, that a party "state in short and plain terms its defenses to each claim asserted against it." Courtesy has pleaded a defense that gives adequate notice to the EEOC: that it is not an "employer," as defined by Title VII. The court denies the EEOC's motion to strike this defense.

D

The EEOC moves to strike affirmative defenses (4), (7), and (8) as immaterial. The complaint generally alleges that Courtesy's practices "deprive[d] Melissa Gaona of equal employment

opportunities because of her sex," and requests "appropriate pecuniary damages, including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices." Compl. 3-4. Courtesy asserts affirmative defenses that dispute the involuntariness of Gaona's separation from employment and her entitlement to front pay and back pay. The EEOC maintains that these defenses should be stricken as immaterial because its claims do not mention Gaona's separation from employment and it does not seek front pay or back pay. The EEOC posits that it is not seeking back pay for Gaona, so that it is irrelevant whether Gaona failed to mitigate damages or obtained interim earnings after her employment with Courtesy. The EEOC also contends that, because it has not included any claim arising from Gaona's separation from employment, it is immaterial whether Gaona voluntarily resigned, as Courtesy avers in affirmative defense (7). The EEOC also represents that it is not seeking front pay for Gaona, rendering immaterial affirmative defense (8), which alleges that the claim for front pay is too speculative.

Because the EEOC concedes that it is not pursuing claims based on Gaona's separation from employment and constructive discharge, or relief involving front pay and back pay, the defenses on which Courtesy relies are now moot. It therefore follows that the EEOC's motion to strike affirmative defenses (4), (7), and (8) is moot as

well, and the court denies the motion to strike in this respect without prejudice.[7]

E

Courtesy argues under affirmative defense (5), which asserts that the EEOC is seeking remedies that exceed what are available by statute, is insufficiently pleaded. The court agrees. Although in some cases, merely pleading the name of the affirmative defense can be sufficient to give the opposing party fair notice, *see Woodfield*, 193 F.3d at 362, defense (5) is insufficient. As pleaded, this defense is a broadly-worded averment that covers a multitude of potential defenses. And the general reference to "the statute," even if intended to refer to Title VII, could support a host of reasons to deny relief. Accordingly, the court grants the EEOC's motion as to defense (5).

F

Courtesy pleads as affirmative defense (6) that the EEOC's claims are barred by waiver, release, estoppel, and unclean hands. The EEOC characterizes these assertions as "threadbare recitals" that do not give "fair notice." P. Mot. 5. It relies on several cases that have held that simply listing waiver, release, estoppel, or unclean hands as defenses is insufficient. *See, e.g.,*

---

[7]If Courtesy persists in pressing these affirmative defenses despite the EEOC's concessions that it is not seeking the relief that gives rise to them, Courtesy may continue to press them and the EEOC may move for appropriate relief dismissing them.

*Woodfield*, 193 F.3d at 362; *Software Publrs. Ass'n v. Scott & Scott, LLP*, 2007 WL 2325585, at *2 (N.D. Tex. Aug. 15, 2007) (Fish, C.J.) (citing *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F.Supp.2d 897, 907 (N.D. Ill. 2006)). Nevertheless, determining whether the opposing party would be "unfairly surprised" is a "fact-specific analysis." *Woodfield*, 193 F.3d at 362. The court must therefore analyze the particular circumstances of the case to determine whether the pleader has provided fair notice.

Here, merely "naming" broad affirmative defenses such as "waiver" or "release" does not fairly notify the EEOC of the specific contractual agreement or other act that forms the basis of Courtesy's defense. *Cf. id.* (noting that baldly naming "broad affirmative defense[]" of "waiver and/or release" falls well short of minimum particulars needed to identify the affirmative defense in question and notify plaintiff of specific contractual obligation being referenced); *Software Publrs. Ass'n*, 2007 WL 2325585, at *2 (striking affirmative defenses of waiver, estoppel, ratification, laches, and unclean hands where mere naming did not provide plaintiff with fair notice of defenses being advanced). *Compare TracFone Wireless, Inc. v. King Trading, Inc.*, 2008 WL 4826035, at *1-2 (N.D. Tex. Nov. 6, 2008) (Boyle, J.) (striking unclean hands affirmative defense because pleading amounted to "bald assertion of the defense and nothing more," yet refusing to strike failure to state claim, lack of consideration, and lack of privity defenses

because defendants provided some factual explanation for them) *with Teirstein v. AGA Medical Corp.*, 2009 WL 704138, at *7-8 (E.D. Tex. Mar. 16, 2009) (declining to strike affirmative defense where defendant admitted facts in answer that directly related to affirmative defense).

As in *Woodfield*, *Software Publishers*, and *TracFone*, Courtesy's assertions of "waiver, release, estoppel, or unclean hands" are not accompanied by any factual allegations giving notice of the nature of the defense. Unlike the affirmative defenses raised in *Teirstein*, the affirmative defenses pleaded here are not so narrow that simply naming the defense gives fair notice of the nature of the defense, and neither Courtesy's answer nor the EEOC's complaint alleges any facts that could form the basis of a waiver, release, estoppel, or unclean hands affirmative defense. The court therefore grants the EEOC's motion with respect to defense (6).

G

Courtesy pleads in affirmative defense (9) that the EEOC cannot bring a claim on Gaona's behalf because she has not exhausted her administrative remedies. The EEOC contends that, because exhaustion of administrative remedies is a condition precedent to suit, the court must strike the affirmative defense under Rule 9(c). *See* Rule 9(c) ("But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.").

Courtesy has failed to plead with particularity the basis for its defense of failure to exhaust. Therefore, the court grants the EEOC's motion as to affirmative defense (9).

V

For the foregoing reasons, the court grants in part and denies in part the EEOC's November 23, 2010 motion to strike Courtesy's affirmative defenses. The court strikes the EEOC's December 16, 2010 renewed motion as duplicative.

If Courtesy can correct the pleading deficiencies identified in this memorandum opinion and order, it may file an amended answer within 30 days. *See, e.g.*, *Mumphrey v. Credit Solutions*, 2010 WL 652834, at *1 (N.D. Tex. Feb. 24, 2010) (Lynn, J.). If Courtesy does not replead, the defenses will stand stricken. If it does replead and the EEOC has grounds to do so, it may move anew for relief under Rule 12(f).

**SO ORDERED.**

January 21, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE